NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2333
_____

UNITED STATES OF AMERICA

v.

CARLOS WILTSHIRE,
a/k/a Shawn Carter, a/k/a Shake


Carlos Wiltshire,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-11-cr-00310-001)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 20, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and ROTH, *Circuit Judges.*

(Filed: June 6, 2018)


_____

OPINION*
_____



_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Carlos Wiltshire appeals after he was resentenced in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that his new sentence is substantively unreasonable. He also claims—for the first time on appeal—that the District Court should have vacated one of his convictions. Because neither claim is persuasive, we will affirm.

I

A

A jury found Wiltshire guilty of: (1) possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); (2) possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); and (3) possessing body armor as a felon previously convicted of a crime of violence, 18 U.S.C. § 931(a)(1). Because Wiltshire already had two New York convictions for attempted robbery and a Pennsylvania conviction for selling heroin, he was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C.§ 924(e), and its corresponding United States Sentencing Guideline, § 4B1.4. Those two provisions apply to criminal defendants who have "three previous convictions . . . for a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1), and significantly enhance both the statutory minimum sentence and the Guidelines range applicable to felon-in-possession convictions under 18 U.S.C. § 922(g).

According to the law at the time Wiltshire was sentenced, his two convictions for attempted robbery under section 160.10 of the New York Penal Laws counted as "violent felonies" under ACCA's so-called "residual clause," because they "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." *See* 18 U.S.C.

2

§ 924(e)(2)(B)(ii). His Pennsylvania conviction for selling heroin, 35 P.S. § 780-113(a)(30)—which counted as a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(ii)—supplied the third predicate conviction that caused Wiltshire to be designated an armed career criminal.[1]

The ACCA enhancement increased Wiltshire's offense level to 34 and his criminal history category to VI, resulting in a Guidelines range of 262 to 327 months' imprisonment. The District Court imposed a within-Guidelines sentence of 276 months. Wiltshire appealed both his conviction and sentence and we affirmed the District Court's judgment. *United States v. Wiltshire*, 568 F. App'x 135 (3d Cir. 2014).

After we decided Wiltshire's first appeal, the Supreme Court ruled in *Johnson* that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law," 135 S. Ct. at 2557. The Court subsequently held that *Johnson* applies retroactively to cases on collateral review, which afforded Wiltshire the opportunity to seek resentencing on the ground that he was unconstitutionally subjected to ACCA. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

## B

In light of *Johnson*, Wiltshire filed a motion to correct his sentence under 28 U.S.C. § 2255, arguing that his two attempted robbery convictions no longer qualified as

---

[1] Wiltshire was actually convicted on two separate charges for two different heroin sales, but they counted as only one predicate "conviction" for § 924(e) purposes because they were not "committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1).

predicate "crimes of violence" under ACCA. The Government conceded the merits of the § 2255 motion and joined Wiltshire's request for a new sentencing hearing.

The Court granted Wiltshire's motion, fixed his new Guidelines range at 110 to 137 months' imprisonment, and held a new sentencing hearing. The Government argued for a sentence like Wiltshire's original 276-month commitment—a significant upward variance—to account for what it characterized as the seriousness of Wiltshire's offense and criminal history, his refusal to take full responsibility for his criminal past, and his prior failures to comply with various conditions of supervision. For his part, Wiltshire argued that a below-Guidelines sentence of 84 months or less was warranted based on his conduct in prison since his original sentencing, his 16-year-old son's interest in being able to see his father, the nonviolent nature of Wiltshire's offense of conviction, his acceptance of responsibility, and the relatively low-level offenses that made up much of his criminal history. After considering the parties' arguments and the sentencing factors of 18 U.S.C. § 3553(a), the District Court varied upward and sentenced Wiltshire to 180 months' imprisonment. Wiltshire timely appealed.[2]

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007) (holding that an order resentencing a § 2255 petitioner is "part of the prisoner's criminal case" for purposes of appellate jurisdiction, and is thus directly appealable under §§ 1291 and 3742 without the certificate of appealability that 28 U.S.C. § 2253(c)(1)(B) requires in appeals from "final order[s] in . . . proceeding[s] under section 2255").

II

A

We review the sentence imposed by the District Court for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). We "focus on . . . the totality of the circumstances," and there is no "presum[ption] that a sentence is [substantively] unreasonable simply because it falls outside the advisory Guidelines range." *Id.* at 567 (citing *Gall v. United States*, 552 U.S. 38, 50–51 (2007)). Reversal is appropriate only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

Under this exacting standard, we cannot agree that Wiltshire's 180-month sentence was substantively unreasonable. Wiltshire first argues that where his "original sentence . . . was at the lower end of the [original] guideline range," and there is no "new aggravating information to be considered in connection with resentencing," the District Court's upward variance could not have been justified. Wiltshire Br. 19–20. But as the Government points out, the District Court was under no obligation to mechanistically vary its sentence along with the Guidelines range, and the "disparity [between the two sentencing ranges] result[ed] from" a change in the law "entirely divorced from Wiltshire's actual conduct and background." Government Br. 30–31. Nor was it unreasonable for the District Court to conclude that without the ACCA enhancement, the Guidelines range no longer adequately reflected the seriousness of Wiltshire's prior participation in two violent robberies, including one where he hit the victim in the head

5

with a bat. For those reasons, the Court did not abuse its discretion when it varied upward.

Wiltshire's second argument is no more persuasive. He contends that the District Court erred by giving insufficient weight to his maturation since his first sentencing, his recent history of good conduct while incarcerated, and his commitment to his sons. The record shows that the District Court considered all of those points in Wiltshire's favor, but concluded that they were outweighed by the seriousness of his offense, his criminal history, and the failure of past punishment to deter him. "[G]iv[ing] due deference to the district court's decision that the § 3553(a) factors, on a whole, justif[ied] the extent of the variance," *Gall*, 552 U.S. at 51, we perceive no abuse of discretion in the imposition of a 180-month sentence.

B

For the first time on appeal, Wiltshire claims his conviction for possession of body armor under 18 U.S.C. § 931 should be vacated. Like his since-vacated ACCA enhancement, Wiltshire's § 931 conviction depended on his New York robbery convictions qualifying as predicate "crime[s] of violence," 18 U.S.C. § 931(a)(1), under a definition that includes any "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used," *id.* § 16(b). This Court has held that *Johnson*'s due-process analysis of ACCA applies equally to § 16(b), *Baptiste v. Att'y Gen.*, 841 F.3d 601, 621 (3d Cir. 2016), and Wiltshire argues that we must therefore vacate his § 931 conviction.

Without expressing any opinion on the merits of Wiltshire's claim, we cannot

grant him that relief now for the reasons stated by the Government:

> Wiltshire did not challenge his Section 931 conviction in the direct appeal of his conviction . . . [or] in his Section 2255 motion . . . . In granting Wiltshire's Section 2255 motion, the district court merely vacated Wiltshire's sentence and conducted a resentencing proceeding . . . . [Wiltshire] did not and could not challenge the conviction in the resentencing proceeding generated by that motion. Wiltshire's current appeal is limited to th[at] resentencing, and the claim regarding the validity of his Section 931 conviction is beyond . . . [its] scope.

Government Br. at 39–40.

*   *   *

For the foregoing reasons, we will affirm the judgment of the District Court.